**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JULIE CAYASSO,

     Plaintiff,

v.                                                                    Case No.:

UNIVERSITY OF MIAMI, d/b/a
UNIVERSITY OF MIAMI HEALTH SYSTEM, and
BROWARD ADJUSTMENT SERVICES, INC.,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIE CAYASSO [hereinafter "CAYASSO"], ***for the second time***, alleges violation of the Florida Consumer Collection Practices Act pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus UNIVERSITY OF MIAMI d/b/a UNIVERSITY OF MIAMI HEALTH SYSTEM., [hereinafter "UM"] and against BROWARD ADJUSTMENT SERVICES, INC. [hereinafter "BROWARD"] CAYASSO further alleges violations of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 et seq. versus BROWARD as more fully set forth below.

1.     Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

**LEGAL STANDARD**

2.      The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute §559.552, ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state.  This part is in addition to the requirements and regulations of the federal act.  In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

**TRIAL BY JURY**

3.      Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

**JURISDICTION AND VENUE**

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq.

5.      This action arises out of Defendants' repeated violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of CAYASSO's personal and financial privacy by these Defendants in their illegal effort to collect a consumer debt from Plaintiff.

6.      Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendants transact and/or conduct business here, and  Defendants illegally attempted to collect a debt from Plaintiff within this venue.

## PARTIES

7.      Plaintiff is a natural person who currently resides in Miami, Florida.

8.      Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(8), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Plaintiff originally received medical care and treatment as a result of a compensable worker's compensation accident while employed by JACKSON HOSPITAL, on or about May 22, 2008.  More specifically, while performing her normal job duties as a registration clerk on that date, Plaintiff injured multiple body parts which were ultimately accepted as compensable pursuant to the worker's compensation system.  The worker's compensation claim was immediately accepted as compensable by the worker's compensation carrier.  Plaintiff retained counsel to represent her for this worker's compensation claim, and they filed a Petition for Benefits requesting medical care and treatment which was immediately approved.

10.     All medical care and treatment that Plaintiff received and is currently being dunned is for her worker's compensation claim.  UM has actual knowledge that Plaintiff's care was worker's compensated related, because UM billed the responsible worker's compensation insurance carrier and was paid by them.   UM then illegally balance billed the difference to CAYASSO.

11.     CAYASSO'S counsel sent letters to UM on October 23, 2014, October 29, 2014 and again on December 9, 2014 advising UM that Plaintiff was represented by counsel, that the bills were for a compensable worker's compensation claim, and provided UM with detailed contact information for the worker's compensation carrier.  UM received and ignored all of these letters. See the Plaintiff's correspondence attached hereto as Exhibit "A."

12.    All of UM's bills specifically state that the insurance is "worker's compensation", so there is no doubt UM has actual knowledge that all treatment is to be billed through the worker's compensation carrier.

13.    Plaintiff immediately contested these bills and UM was then under a duty pursuant to Fla. Stat. § 559.72(6) to disclose to all third parties that Plaintiff disputed this debt.  Upon information and belief, and therefore alleged, UM complied with the law and imparted knowledge of the dispute to BROWARD.

14.    Despite having actual knowledge that all of the bills were due to a compensable worker's compensation accident, UM continued to repeatedly contact Plaintiff and demand payment for the bills at issue.  UM also inexplicably began to act jointly and in concert with BROWARD to contact Plaintiff for payment of the bills at issue.  Therefore, CAYASSO, had no choice but to file suit against UM and BROWARD.

15.    On or about November, 2014, CAYASSO and UM and BROWARD entered into an agreement which amicably resolved all issues.

16.    Unbelievably, despite having been sued for their conduct, UM and BROWARD both began once again illegally attempting to collect this clearly compensable worker's compensation debt from the Plaintiff.  (See dunning letters attached as Exhibit "B" and Exhibit "C").

17.    Even more unbelievably, UM has now taken the step of placing the debt at issue on CAYASSO's credit report as of April 2015.  This has caused CAYASSO's credit score to drop an estimated 100 points, and has caused additional and unwarranted stress on an individual who is trying to deal with complex medical issues.

4

18.     Finally, seemingly not content with billing both the worker's compensation carrier and also the Plaintiff, UM has taken the additional step of billing MEDICARE, who has paid UM in excess of $40,000.00 for services that should be exclusively billed through the workers compensation insurance carrier.  (See Exhibit "D").

19.     Defendant UM is a "debt collector" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts.  Therefore, Defendant is a "debt collector" for purposes of the Florida Consumer Collection Practices Act. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 1154 (MD Fla 2005).  BROWARD is a "debt collector" per the FCCPA and the FDCPA.  Defendants have both illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.  All communications referenced above are "communications" as that term is contemplated by both the FDCPA and the FCCPA.

20.     As a result of Defendants' actions violating provisions of the FCCPA and the FDCPA, Plaintiff incurred substantial damage, including but not limited financial damage as set forth below.

**FACTUAL ALLEGATIONS**

21.     Pursuant to Chapter 440 et seq., it is illegal to bill injured employees for authorized care that is received as a result of a worker's compensation accident. The FDCPA is a strict liability statute and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation.  As noted in the FCCPA, "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

5

22.     Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**COUNT 1 AS TO UM**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)**

23.     UM expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that UM knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

24.     UM has actual knowledge that Plaintiff's medical treatment was as a result of a compensable worker's compensation accident because the Plaintiff's medical treatment was due to a compensable worker's compensation claim, Defendant is restricted as a matter of law to collecting from the worker's compensation carrier.

25.     As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

> a. Actual damages;
>
> b. Statutory damages pursuant to Fla. Stat. § 559.77(2);
>
> c. Reasonable Attorneys' fees pursuant to Fla. Stat. § 559.77(2);
>
> d. Such other and further relief as the Court may deem to be just and proper.

6

e. Plaintiff respectfully demands trial by jury in this action.

f. ***Plaintiff specifically reserves the right to petition this court to include a count***
***for punitive damages.***

## COUNT 2 AS TO UM  VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(18)

26.     UM expressly and willfully communicated with CAYASSO despite having actual knowledge that CAYASSO was represented by counsel.

27.     UM at all material times had the names, address and telephone number of CAYASSSO'S counsel.

28.     CAYASSO at no time consented to direct communication from UM.

29.     CAYASSO'S counsel did not fail to respond to any communication from UM, as CAYASSO'S counsel has not received any communications from UM.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

a. Actual damages;

b. Statutory damages pursuant to Fla. Stat. § 559.77(2);

c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);

d. Such other and further relief as the Court may deem to be just and proper.

e. Plaintiff respectfully demands trial by jury in this action.

f. ***Plaintiff specifically reserves the right to petition this court to include a count***
***for punitive damages.***

## COUNT 3 AS TO BROWARD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

30.     The foregoing acts and omissions of BROWARD constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

31.     As a result of BROWARD's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from BROWARD herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against BROWARD for all of the following:

        a. Damages; and

        b. Attorneys' fees and costs.

## COUNT 4 AS TO BROWARD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)

32.     Defendant falsely represented the amount of the alleged debt that was owed to Defendant.

33.     Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

        a. Damages; and

        b. Attorneys' fees and costs.

## COUNT 5 AS TO BROWARD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f(1)

34.     The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

        a. Damages; and

        b. Attorneys' fees and costs.

**Relief Requested**

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against Defendants.

Dated: April 24, 2015                          Respectfully Submitted,


                                               s/ J. Dennis Card, Jr._____
                                               J. Dennis Card, Jr., Esq.
                                               Florida Bar No.: 0487473
                                               Email: dcard@hmelawfirm.com
                                               Hicks, Motto & Ehrlich, P.A..
                                               3399 PGA Boulevard, Suite 300
                                               Palm Beach Gardens, FL 33410
                                               Telephone: (561) 683-2300
                                               Facsimile: (561) 697-3852
                                               Attorney for Plaintiff

Exhibit "A"

# ROSENBERG & ROSENBERG, P.A.
### *ATTORNEYS AT LAW*

ABE ROSENBERG
PAUL S. ROSENBERG
DAVID E. ROSENBERG

---------------

FRANK ANGIONE, JR.
ROBERT M. ANSELMO, JR.
RACHELLE R. BOCKSCH
JEFFREY B. COHEN
JESSE DAVIDSON
DAVID L. KROHN
JESUS E. RAVELO
VINCENT J. RUTIGLIANO
MATTHEW D. SOSONKIN

2501 HOLLYWOOD BOULEVARD
SUITE # 110
HOLLYWOOD, FL 33020

BROWARD    (954) 963-0444
DADE         (305) 624-6649
FAX          (954) 963-1758

December 9, 2014

University of Miami Health System
P.O. Box 741199
Atlanta, GA  30374-1199

        RE:    Patient/Debtor : Julie Cayasso
               Acct No.      : █████
               DOS           : █████

Dear Sir/Madam:

Our client is being dunned by you for outstanding medical balances.  Please note this is a workers'
compensation case pursuant to which your bill is the responsibility of the workers' compensation insurance
carrier - *in accordance with the medical fee schedule.*  **PLEASE FORWARD YOUR BILL TO THE
CARRIER LISTED BELOW.  This should not have been billed through Medicare.**

Any charge in excess of the fee schedule must be cancelled - it is illegal to bill the patient for charges in excess
of the fee schedule.

If your have outstanding charges in accordance with the fee schedule, you should forward your requisite
workers' compensation healthcare provider forms directly to the insurance carrier noted below.  If there is a
dispute as to what the fee schedule allows, you should directly contact the workers' compensation insurance
carrier in connection therewith and if same is not resolved, you may outline to the different contentions and a
hearing to have the issues determined can be arranged before the Judge of Compensation Claims, if necessary.

Very truly yours,

FRANK ANGIONE, JR., ESQ.
For the Firm

FA/mh

Re:    Insurance Carrier: █████████████████████████
       ███████████

       Employer  : Jackson Memorial Hospital
       Employee  : Julie Cayasso
       Claim No. : █████████
       D/Accident : █████

Exhibit "B"

# UHealth
UNIVERSITY OF MIAMI HEALTH SYSTEM

Page 1 of 6

January 15, 2015

**Hablamos Español**
Para asistencia en Español, por favor llame al
**305-243-2900** de Lunes a Viernes **8am – 7pm**

Billing Statement for:
Julie Deborah Cayasso

**Guarantor Acct Number:** ▮

GUARANTOR INFORMATION:
JULIE DEBORAH CAYASSO
▮

Active Insurances:
   MEDICARE
   MEDICAID

## Account Summary

| | | |
|---|---|---:|
| Last statement charges | $ | 1,869.00 |
| New charges | + | 0.00 |
| Paid by insurance or any adjustment | - | -1,776.62 |
| What you paid | - | 0.00 |
| Current account balance | $ | 92.38 |

## * Important Message *

Thank you for choosing the University of Miami Health System to meet your healthcare needs.  Please contact us if you have any questions regarding your balance due.

### Convenient Payment Options



**Pay online**
At our website:
MyUHealthBill.com



**Pay by Mail**
Use the payment
stub provided below



**Pay by Phone**
English / Español
305-243-2900
Monday - Friday
8 am - 7 pm

### Contact Us

*You may pay your bill by check or credit card using the payment stub below. Payments are applied to the oldest charges. If you would like to allocate your payment to a particular visit, go to www.MyUHealthBill.com or call Customer Service at (305) 243-2900 or toll free 1-800-563-1055.*

 **Financial Assistance** guidelines - please see last page

*Detach and return stub. Please make checks payable to University of Miami  Health System.*     654486 (PC2)

---

# UHealth
UNIVERSITY OF MIAMI HEALTH SYSTEM
Return Mail Processing Center
PO Box 3475
Toledo, OH 43607-0475

**RETURN SERVICE REQUESTED**

☐ New address or insurance changes?
   Check here and update reverse side.

JULIE DEBORAH CAYASSO
▮



**Pay online at www.MyUHealthBill.com**

    
☐ VISA     ☐ MASTERCARD     ☐ AMERICAN EXPRESS     ☐ DISCOVER

Patient Name:    Julie Deborah Cayasso
Guarantor Acct Number:  239873
MRN:  0904756
**Current Account Balance**                    92.38

**Amount paid**

FOR CREDIT CARD PAYMENTS, **COMPLETE REVERSE** ▶

UNIVERSITY OF MIAMI HEALTH SYSTEM
PO BOX 741199
ATLANTA, GA 30374-1199





Page 3 of 6

Billing Statement for:

Julie Deborah Cayasso

**Guarantor Acct Number:** ████████

**\* Important Message \***

Thank you for choosing the University of Miami Health System to meet your healthcare needs.  Please contact us if you have any questions regarding your balance due.

644487A (PC0)

## Account Detail

| Date of service | Department/Description | Last statement balance | Last statement charges | New charges | Paid By Insurance Or Any Adjustment | What you paid | What you owe now |
|---|---|---|---|---|---|---|---|
| **Professional Services** | | | | | | | |
| | UMH SERVICES | | | | | | |
| | Visit # ██████ | 92.38 | | | | | |
| 10/02/2014 | Provider: SMAKA, TODD J. | | | | | | |
| | ANESTH,INTER RAD,VENOUS/LYMPH SYS,NOS | | 1,869.00 | | | | |
| | ADJUSTMENT | | | | -1,407.09 | | |
| | INSURANCE PAYMENT | | | | -362.14 | | |
| | SEQUESTRATION ADJUSTMENT | | | | -7.39 | | 92.38 |
| Pre-Collection Notice | | | | | | | |
| **Sub-Totals** | | 92.38 | 1,869.00 | 0.00 | -1,776.62 | 0.00 | 92.38 |

Exhibit "C"

# Broward Adjustment Services, Inc.

Collection Division

2876 East Oakland Park Boulevard • PO Box 11879

Ft. Lauderdale, FL 33339

Phone Number: (954) 202-6998 • National WATS 1-800-297-8713



MEMBER

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

January 2, 2015

Account #: ███████

BAS #: ███████

Client: UNIVERSITY OF MIAMI MEDICAL GROUP OP 01

Balance Due: $ 22.27

Your account has been placed with this office for collection. This is a formal demand for payment in full. Please make all inquiries directly to our office.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt. All information obtained will be used for that purpose.

> You may now pay over the Internet!
> Go to: www.basmgmt.com/pay and enter the following: In the Case Number Field enter your **USERID:** ███████
> Next you will need to enter your five digit zip code ████ or you may enter the last four digits of your social security number. Follow the prompts to complete your transaction. This option will allow you to obtain an email confirmation of your payment.

If you wish to pay by credit or debit card, fill in the information below and return the entire letter to us.

| Account Number | Payment Amount | Expiration Date | Security Code (Back of Card) |
|---|---|---|---|
| | $ | / | |

| Card Holder Name | Signature of Card Holder | Date |
|---|---|---|

***Detach Lower Portion and Return with Payment***

PO Box 11879

Ft Lauderdale FL 33339-1879

FORWARD SERVICE REQUESTED

Client: UNIVERSITY OF MIAMI MEDICAL GROUP OP

Re: Julie Deborah Cayasso

BAS #: ███████

Account #: ███████

Amount Due: $ 22.27

January 2, 2015

███████

Julie Cayasso

███████

Broward Adjustment Services, Inc.

PO Box 11879

Ft Lauderdale FL 33339-1879

Exhibit "D"

STATEMENT OF ACCOUNT

CAYASSO JULI ████████

| | |
|---|---|
| STATEMENT DATE | PAGE 2 OF 2 |
| 11/21/14 | |
| | AMOUNT DUE |
| | $1,216.00 |

| ACCOUNT NUMBER | PATIENT NAME | STATEMENT PERIOD |
|---|---|---|
| ████ | CAYASSO JULIE DEBORAH | OUTPT SURGERY 10/02/14 TO 10/02/14 |

MAIL PAYMENT TO

CAYASSO JULIE DEBORAH

████████

TO VIEW/PAY YOUR ACCOUNT VIA INTERNET SEE THE WEB ADDRESS BELOW
TO RECEIVE PROPER CREDIT, PLEASE RETURN THIS PORTION WITH YOUR PAYMENT
NOTE: SHOULD YOU WISH TO PAY BY CREDIT CARD, SEE AUTHORIZATION NOTICE ON THE BACK.



## SUMMARY OF ACCOUNT



UNIVERSITY OF MIAMI HOSP
PO BOX 9060
CLEARWATER FL 33758

STATEMENT DATE 11/21/14

| STATEMENT PERIOD | PATIENT NAME | ACCOUNT NUMBER |
|---|---|---|
| 10/02/14 TO 10/02/14 | CAYASSO JULIE DEBORAH | ████ |

THE INSURANCE CLAIMS OUTSTANDING REPRESENT OUR ESTIMATE
OF INSURANCE LIABILITY BASED ON OUR BEST INFORMATION

| TOTAL CHARGES | NEW CHARGE ACTIVITY | NEW PAYMENTS OR CREDITS | NEW ACCOUNT ADJUSTMENTS | PREVIOUS TRANSACTIONS | INSURANCE CLAIMS OUTSTANDING | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 52,126.43 | 0.00 | 7,657.68 | 43,252.75 | 0.00 | 0.00 | $1,216.00 |

| DATE | DESCRIPTION | UNITS | AMOUNT | DATE | DESCRIPTION | UNITS | AMOUNT |
|---|---|---|---|---|---|---|---|
| 10 | ████ | | | ████ | | | |
| 10 | | | | | | | |
| 10 | | | | | | | |
| 10 | | | | | | | |
| 10 | | | | | TOTAL CHARGES | | 52,126.43 |
| 11/19/14 | MCARE OP NON DEP PMT | | 7,657.68- | 11/19/14 | MEDICARE OP CY | | 43,252.75- |
| | | | | | ACCOUNT BALANCE | | 1,216.00 |
| | | | | | DUE FROM PATIENT | | 1,216.00 |
| 11/05/14 | MCR WPS AB  BILLED | | | | | | |

TO VIEW/PAY YOUR ACCT VIA WEB:  umiamihospital.com
IF YOU HAVE QUESTIONS REGARDING YOUR ACCOUNT  PLEASE CALL: 800-617-7086
YOUR INSURANCE HAS BEEN BILLED. PLEASE PAY THE
ESTIMATED PATIENT BALANCE.
THANK YOU FOR CHOOSING UNIVERSITY OF MIAMI  HOSPITAL.

THIS BILL IS FOR HOSPITAL SERVICES ONLY
PLEASE RETAIN THIS PORTION FOR YOUR RECORDS

## STATEMENT OF ACCOUNT

CAYASSO JULI ██████████████████

UNIVERSITY OF MIAMI HOSP
PO BOX 9060
CLEARWATER FL 33758

STATEMENT DATE | PAGE 1 OF 2
11/21/14

AMOUNT DUE
$1,216.00

| ACCOUNT NUMBER | PATIENT NAME | STATEMENT PERIOD |
|---|---|---|
| ██████ | CAYASSO JULIE DEBORAH | OUTPT SURGERY 10/02/14 TO 10/02/14 |

CAYASSO JULIE DEBORAH

MAIL PAYMENT TO
UNIVERSITY OF MIAMI HOSP
18176
P.O. BOX 740743
CINCINNATI OH 45274-0743

TO VIEW/PAY YOUR ACCOUNT VIA INTERNET SEE THE WEB ADDRESS BELOW
TO RECEIVE PROPER CREDIT, PLEASE RETURN THIS PORTION WITH YOUR PAYMENT
NOTE: SHOULD YOU WISH TO PAY BY CREDIT CARD, SEE AUTHORIZATION NOTICE ON THE BACK.

## SUMMARY OF ACCOUNT

UNIVERSITY OF MIAMI HOSP
PO BOX 9060
CLEARWATER FL 33758

STATEMENT DATE 11/21/14

| STATEMENT PERIOD | PATIENT NAME | ACCOUNT NUMBER |
|---|---|---|
| 10/02/14 TO 10/02/14 | CAYASSO JULIE DEBORAH | 67737633 |

THE INSURANCE CLAIMS OUTSTANDING REPRESENT OUR ESTIMATE
OF INSURANCE LIABILITY BASED ON OUR BEST INFORMATION

| TOTAL CHARGES | NEW CHARGE ACTIVITY | NEW PAYMENTS OR CREDITS | NEW ACCOUNT ADJUSTMENTS | PREVIOUS TRANSACTIONS | INSURANCE CLAIMS OUTSTANDING | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 52,126.43 | 0.00 | 7,657.68 | 43,252.75 | 0.00 | 0.00 | $1,216.00 |

| DATE | DESCRIPTION | UNITS | AMOUNT | DATE | DESCRIPTION | UNITS | AMOUNT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

THIS BILL IS FOR HOSPITAL SERVICES ONLY
PLEASE RETAIN THIS PORTION FOR YOUR RECORDS